## UNITED STATES EX REL. PHILLIPS

*v.*

## HITCHCOCK.

---

MANDAMUS.

United States ex rel. Phillips v. Hitchcock, *ante,* p. 237, followed.

No. 1176. Submitted March 4, 1902. Decided April 1, 1902.

HEARING on an appeal by the relator from an order of the Supreme Court of the District of Columbia denying a petition for a writ of *mandamus* against the Secretary of the Interior and the Commissioner of Pensions. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal from an order of the Supreme Court of the District of Columbia refusing a writ of *mandamus.*

The petition for the writ was filed by the relator Henry D. Phillips, a pension attorney practicing before the United States Pension Office, against the Secretary of the Interior and the Commissioner of Pensions, to require the latter to allow and cause to be paid to the relator a fee of ten dollars in the matter of a certain pension claim prosecuted by him, which the Commissioner first, and subsequently the Secretary on appeal from the Commissioner, had refused to allow.

It appears from the petition that one Thomas Irwin had been granted a pension under section 2 of the act of Congress of June 27, 1890, chap. 634 (26 Stat. 182), for physical disability, characterized as "general disability;" and that subsequently the pension had been increased by the efforts of the relator, as stated in the petition, "for rheumatism, heart trouble, vertigo, and impaired sight," from which the pensioner was suffering. The relator for his services claimed a fee of ten dollars; he was allowed only two dollars. He based his claim for the allowance of ten dollars on the provisions of section 4 of the act of Congress of June 27, 1890, already mentioned, which is in the following terms:—

"That no agent, attorney, or other person engaged in preparing, presenting or prosecuting any claim under the provisions of this act, shall directly or indirectly contract for, demand, receive, or retain, for such services in preparing, presenting, or prosecuting such claim, a sum greater than ten dollars, which sum shall be payable only upon the order of the Commissioner of Pensions by the pension agent making payment of the pension allowed."

The rules and regulations made by the Department of the Interior to carry this act into effect provided that, in the absence of a special contract between the pensioner and his solicitor or agent, the maximum fee of ten dollars should be allowed. Here there was no special contract; and the relator claimed the maximum fee under the law and the regulations.

On the other hand, the Commissioner, acting under a subsequent act of Congress of March 3, 1891 [26 Stat. 1082], held that only a fee of two dollars was allowable. The provision of this act was as follows:—

" Hereafter no agent or attorney shall demand, receive, or be allowed any compensation under existing law exceeding two dollars, in any claim for increase of pension, on account of the increase of the disability for which the pension has been allowed."

The contention of the relator was that the increase of pension in the case was not for increase of the disability for which the pension had first been allowed, but for a new and different disability.

As already stated, the Secretary of the Interior sustained the ruling of the Commissioner of Pensions. Thereupon the relator filed his petition for a *mandamus.* Upon the issue of the rule to show cause, and the coming in of a return thereto, and replication filed by the relator, the court discharged the rule, refused the writ, and dismissed the petition. From the order thereupon entered the relator has appealed to this court.

The relator, *Mr. Phillips,* appeared in his own behalf, and with him was *Mr. E. R. Walker.*

*Mr. Ashley M. Gould,* United States Attorney for the District of Columbia, for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

There is no controversy in regard to the facts in this case: they are few and simple, and substantially are similar to those in the cause between the same parties decided at the last term of this court, and reported *ante,* p. 237. The question of law is precisely the same. Upon the authority of that case the order here appealed from must be *affirmed with costs. And it is so ordered.*